UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA D. DOWLING,

                Plaintiff,

        -against-

SECURITY OF EXCHANGE, CHVT
MOTORS LLC, UNKNOWN "KIA"

                Defendants.

26-CV-3998 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action alleging credit and loan fraud related to a purchase of an automobile. Plaintiff names "Security of Exchange" twice, CHVT Motors LLC, and "Unknown 'Kia'" as Defendants. Plaintiff does not provide addresses for any defendant, except for "Security of Exchange." For the following reasons, this action is transferred to the United States District Court for the District of Arizona.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants committed loan and credit fraud without stating where or when the fraud occurred. (ECF 1 at 5.) Plaintiff does not plead the residence of any of the defendants, but annexes documents that suggest the alleged events giving rise to her claims occurred in Phoenix, Arizona (*see* ECF 1 at 8, 10, 16, 20, 22, 25–27, 32–33, and ECF 1-1 at 6, 17), which is located in Maricopa County, which falls within the District of Arizona. *See* 28 U.S.C. § 82 ("Arizona constitutes one judicial district"). Plaintiff pleads that where Defendants reside is unknown, except, regarding Defendant Security of Exchange (presumably the United States Securities and Exchange Commission, "SEC"),[1] Plaintiff pleads only that Security of Exchange is in New York (ECF 1 at 4)[2] but alleges no other facts about the Security of Exchange giving rise to her claims. Plaintiff's documents, however, suggest that Defendant CHVT Motors, LLC, resides in Phoenix, Arizona (ECF 1 at 8). Under Section 1391(b)(1), neither this District or the District of Arizona appears to be the proper venue because all defendants do not reside in the same state. Even if the Court did assume that Defendants reside in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred at Phoenix, Arizona, venue would also be proper under Section 1391(b)(2) in the District of Arizona.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the

---

[1] The SEC is headquartered in Washington, DC and has regional offices across the United States, including in New York County, which lies within the Southern District of New York.

[2] Plaintiff lists Security of Exchange twice, pleading that its location is "New York" and unknown. (ECF 1 at 4.)

convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Phoenix, Arizona, and it is reasonable to expect that all relevant documents and witnesses also would be in Phoenix, Arizona. The complaint, annexed documents, and exhibit suggest that the events giving rise to her claim occurred in the District of Arizona. The District of Arizona thus appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of Arizona. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Arizona. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this Court. This order closes this case.

The Clerk of Court is directed to terminate all pending motions. Because Plaintiff seeks emergency relief, the Court further directs the Clerk of Court to transfer this action to the District Court for the District of Arizona immediately upon entry of this order; the Court waives the seven-day waiting period contained in Local Civil Rule 83.1.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 1, 2026
       New York, New York

                    /s/ Laura Taylor Swain
                    LAURA TAYLOR SWAIN
             Chief United States District Judge